**PARRISH et al. v. BROTHERTON.**
(No. 2000.)

Court of Civil Appeals of Texas. El Paso.
March 31, 1927.

Pleading ⬅111—Evidence not proving alleged conspiracy with residents of county where suit was brought to sell stolen auto held insufficient to sustain venue.

Where, in hearing of plea of privilege, plaintiff, alleging conspiracy of nonresidents with residents of county where suit was brought to sell stolen auto, failed to make a prima facie case, overruling nonresident defendants' plea of privilege *held* error.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Suit by E. W. Brotherton against M. C. Parrish, W. Y. Forest, Carlton Odom, and others. From order overruling plea of privilege, named defendants appeal. Reversed and remanded, with instructions.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellants.

Carpenter & Rosenfield and Miller & Ellis, all of Dallas, for appellee.

HIGGINS, J. Brotherton sued F. G. Bentley and Geo. S. McGhee of Dallas county, doing business as partners under the name of Dallas Automobile Exchange, the State Bank & Trust Company of Dallas county, a corporation, and M. C. Parrish, W. Y. Forest, and Carlton Odom, nonresidents of Dallas county, partners under the name of Parrish, Forest & Odom. The last three named defendants filed plea of privilege to be sued in Cherokee county where Forest and Odom resided, or in Travis county where Parrish resided. Controverting affidavit was filed adopting the allegations of the petition as fixing the venue in Dallas county where the suit had been filed. The plea of privilege was overruled, from which order Parrish, Forest & Odom appeal.

There are a number of assignments and propositions presented by appellants, but they need not all be considered, for the evidence itself is insufficient to fix the venue as laid.

In the petition it was alleged: The defendants conspired to entrap the public by a scheme whereby Parrish, Forest & Odom were to acquire possession of stolen automobiles and secure licenses therefor in Cherokee county. The other defendants were to sell such cars to the public, the bank furnishing the money to carry out the scheme, and all defendants sharing the profits. On February 24, 1925, appellants procured the issuance of a license by the tax collector of Cherokee county to Chas. Williams for a car purporting to have been purchased from appellants. In pursuance of the conspiracy, and acting with defendants, Williams purported to sell such car to the Dallas Automobile Exchange, who sold the same to plaintiff. Plaintiff in part payment executed a note, which was transferred to the bank, and the note has been paid. That said car was a stolen one, and plaintiff had been compelled to surrender same to its true owner. Recovery was sought of $550 paid by plaintiff for the car.

Upon hearing of the plea, no pretense was made of proving the allegations against the bank. There is no evidence to show the conspiracy alleged. Nor is there any competent evidence to prove the car in question was stolen. The only testimony tending to show it was stolen is that of John Blanton, a lieutenant of detectives in charge of automobile cases in Dallas, who, over objection, was permitted to testify that the car had been stolen, and reported to detective headquarters. His testimony was hearsay, and should have been excluded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

These appellants did not sell the car to plaintiff. They did nothing in Dallas county. No conspiracy as alleged was shown. The primary fact that the car was a stolen one was not shown by any competent evidence. In the state of the evidence no cause of action against these appellants is shown maintainable in Dallas county or elsewhere. Appellants' assignment complaining of the insufficiency of the evidence to support the ruling upon the plea of privilege is sustained.

Reversed and remanded, with instructions to change the venue as to appellants to Cherokee or Travis county.